IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
STEVEN J. SZOSTEK, BAR NO. 3904

No. 79960

FILED

APR 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Steven J. Szostek. Under the agreement, Szostek admitted to violating RPC 1.3 (diligence) and RPC 8.1 (bar admission and disciplinary matters) and agreed to a six-month-and-one-day suspension, stayed subject to certain conditions, and a 36-month probationary period. He has also agreed to pay restitution to his client and the costs of the disciplinary proceedings.

Szostek has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that he violated the above-listed rules by knowingly failing to timely provide opposing counsel with answers to requests for admissions, resulting in an adverse adjudication of a landlord-tenant matter for his client, and by providing misleading information to the State Bar regarding whether he submitted a claim to his malpractice carrier.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. In determining the appropriate discipline, we weigh four factors: "the duty

SUPREME COURT
OF
NEVADA

(O) 1947A

20-15446

violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on the duties Szostek violated, and because he acted knowingly and his conduct resulted in injury or potential injury to his client and the profession, the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"). The record supports the panel's findings of one aggravating circumstance (substantial experience in the practice of law), and two mitigating circumstances (absence of a prior disciplinary record and remorse). Considering the factors outlined in *Lerner*, including the aggravating and mitigating circumstances, we conclude that the agreed-upon discipline is appropriate. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Steven J. Szostek from the practice of law in Nevada for a period of six months and one day commencing from the date of this order, with the suspension stayed subject to the following conditions. Szostek shall be subject to a 36-month probation commencing from the date of this order, during which time he must not have any new grievances filed against him arising out of conduct post-dating the conditional guilty plea agreement that results in actual

discipline. Szostek must make monthly restitution payments of at least $1,450 on the terms outlined in the guilty plea agreement until the total restitution of $52,100.10 is paid. Additionally, he must pay $2,500 in administrative costs pursuant to SCR 120 and the actual costs of the disciplinary proceeding within the probationary period. Finally, within the probationary period, Szostek must complete 10 hours of continuing legal education in the areas of civil procedure and/or discovery procedure. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc: Steven J. Szostek
Chair, Southern Nevada Disciplinary Board
Bar Counsel, State of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court